**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7922**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

DONIKKI HARDY,

    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.   Henry M. Herlong, Jr., Senior
District Judge.   (7:01-cr-00235-HMH-1)

Submitted:  April 14, 2016          Decided:  April 22, 2016

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Donikki  Hardy,  Appellant  Pro  Se.  Carrie  Fisher  Sherard,
Assistant  United  States  Attorney,  Greenville,  South  Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donikki Hardy appeals from the district court's orders denying his Fed. R. Crim. P. 36 motion and his motion for reconsideration. Hardy sought to delete information from his presentence report ("PSR") that had been expunged by the state court. Because the relief he seeks is not available by way of Rule 36, we affirm.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Advisory Committee Notes to Rule 36 point out that Rule 36 is similar to Fed. R. Civ. P. 60(a), which provides for the correction of clerical mistakes in civil orders. The Ninth Circuit explained the type of clerical mistakes that may be corrected under Rule 60(a) as follows:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a matter different from the way it was exercised in the original determination.

Blanton v. Angelone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (citation omitted).

Here, the PSR was not incorrect when issued, and in fact is not currently incorrect. Hardy does not submit that the challenged information was included by mistake and does not assert that it is false or that he should have been sentenced differently. Instead, he seeks to alter the PSR based on a later state order that does not even purport to apply to federal documents. Because the relief sought by Hardy does not consist of a "blunder in execution," the district court cannot provide relief under Rule 36.[*]

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Hardy's conclusory allegations regarding the prejudice to him are matters which require factual development and administrative exhaustion within the Bureau of Prisons. Depending on the actual harm, his remedy may lie under 28 U.S.C. § 2241 (2012), or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).